HADASSA DAVIDSON, APPELLANT, v. MAX BIDDLEMAN,
APPELLEE.

Argued June 6, 1911—Decided October 20, 1911.

1. Where a married woman agrees that out of her funds in the
   hands of a third person he may apply so much of such funds as
   may be necessary to the payment of a debt of her husband for
   goods purchased by him if such party will credit the husband,
   and the goods are furnished, and the application of the neces-
   sary amount made, the wife cannot, after the agreement is so
   completed, abrogate it.
2. If a married woman agrees, if credit is given her husband she
   will mortgage her lands to secure the payment of it, and the
   credit is given, and a mortgage executed although for a larger
   sum, and the difference between the husband's debt and the
   amount of the mortgage is paid to the wife, she cannot recover
   the sum retained in pursuance of her agreement, upon the ground
   that so much of the consideration of the mortgage as equals the
   husband's debt is due and unpaid.

On appeal from the Second District Court of the city of
Newark.

Before Justices SWAYZE and BERGEN.

For the appellant, *William Greenfield.*

For the appellee, *E. C. & A. W. Harris.*

The opinion of the court was delivered by

BERGEN, J.   The agreed facts are that the plaintiff, a mar-
ried woman, arranged to borrow $1,300 from the defendant, to
be secured by a mortgage on her land, and at the same time
agreed that if defendant would sell to plaintiff's husband cer-
tain goods on credit the cost should be retained out of the
amount to be loaned.   The goods were furnished to the hus-
band, and, subsequently, the mortgage was given and the
defendant paid plaintiff the $1,300 less the amount due by the
husband, and she now sues for the amount thus retained as so

much due to her of the consideration of the mortgage. The defendant had judgment and plaintiff appeals.

There are several specifications assigned in support of the appeal, but all are in substance that the wife is not liable for the debt of her husband, and that a mortgage given to secure such debt by the wife is void. The specification, which most succinctly states the position of the appellant, is this: "The court erred in rendering a judgment in favor of the defendant and against the plaintiff, because, at law, a mortgage given by a married woman to pay her husband's debts is manifestly void." This last specification states a proposition entirely at variance with the well-settled rule in this state which is that a married woman may lawfully mortgage her land to pay the debt of another. The facts in this case show an agreement to the following effect, that the plaintiff was to mortgage her lands to the defendant for $1,300, to be paid by extending a credit to her husband and accounting to her for the balance of the sum borrowed. It was, in substance, an agreement to mortgage her property to secure her husband's debt, and when that agreement was executed by the giving of the mortgage the wife could not avoid the legal result of her act. "The objection that the wife's property must be protected in equity from the debts of her husband, is answered by saying that it is so protected, until she does, by her voluntary act, free from the threats or compulsion of her husband, make it so liable by the execution of a deed or mortgage; and when she executes a mortgage, and acknowledges it in conformity with the statute, and the husband consents to the execution by joining in the mortgage, it becomes a valid security, and will be enforced both at law and in equity." *Galway et al.* v. *Fullerton et al., 2 C. E. Gr.* 389; *Ferdon* v. *Miller, 7 Stew. Eq.* 10. A married woman may mortgage her own lands to secure the payment of her husband's debts for the payment of which she is in no way liable. *Merchant* v. *Thompson, Id.* 73.

In *Warwick* v. *Lawrence, 16 Stew. Eq.* 179, 182, the wife had agreed that Warwick might apply, out of the funds to be collected for her, a sum sufficient to satisfy him for moneys to be advanced to either husband or wife. The wife objected to the

retention, but it was held by the Court of Errors and Appeals that if the agreement had been executed it could not be abrogated by the wife, and Chief Justice Beasley, speaking for the court, said: "The result, therefore, is that, inasmuch as the moneys in suit were received by Warwick and applied by him with the consent of the complainant to the payment of the debts of her husband, they cannot be reclaimed by the complainant." The court also said that the controversy was a purely legal one, and should have been tried in a court of law. So, in this case the wife agreed that out of the consideration to be paid for the mortgage when executed the defendant might advance to the husband moneys, for the giving of credit for goods amounted to the same thing, and when the defendant had performed according to the consent of the wife and applied a portion of her funds with her consent to the satisfaction of the husband's debts, and she thereafter became entitled to the fund by the execution of a mortgage, the money so applied cannot be recovered by the plaintiff.

The judgment below is affirmed, with costs.